IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ASCION LLC d/b/a REVERIE,

                                  Plaintiff,                                ORDER

    v.

                                                            19-cv-856-jdp

ASHLEY FURNITURE INDUSTRIES, INC.,

                                Defendant.

---

        Plaintiff Ascion LLC accuses defendant Ashley Furniture Industries, Inc., of infringing Ascion's U.S. Patent No. 9,451,833. Ashley Furniture moves to dismiss Ascion's claims for willful infringement and for inducement of infringement under Federal Rule of Civil Procedure 12(b)(6). Ashley Furniture contends that Ascion hasn't alleged that Ashley Furniture had pre-suit knowledge of the patent, which would be necessary to establish a claim for either willful infringement or inducement of infringement.

        Motions attacking patent infringement pleadings are generally a waste of resources for the parties and the court. That's because the familiar *Twombly/Iqbal* pleading standard is not especially demanding, and, more important, the pretrial disclosures required by this court force both sides to lay out their core contentions early in the case. *See Niazi v. Pressure Prod. Med. Supplies, Inc.*, No. 16-cv-670-jdp, 2017 WL 108114, at *1–2 (W.D. Wis. Jan. 11, 2017). The complaint in a patent case must contain enough factual allegations to raise a reasonable expectation that discovery will reveal that the defendant is liable for the misconduct alleged. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). And typically facts about a defendant's knowledge and intent will be in the control of the defendant, so the

plaintiff is allowed to allege them on information and belief. *See Brown v. Budz*, 398 F.3d 904, 913–14, 916 (7th Cir. 2005).

That said, Ascion's allegations are pretty meager. The only allegation in the complaint that touches on Ashley Furniture's knowledge of the '833 patent is the assertion that "[u]pon information and belief, Ashley was on notice or should have been on notice of the '833 Patent prior to filing of this action and is currently on notice of its infringing conduct at least through this action." Dkt. 1, ¶ 16. The only allegations that arguably bear on Ashley Furniture's intent to induce infringement are that by providing customers with "an Owner's Manual providing installation and operation instructions for the adjustable base," Ashley Furniture is "inducing its customers to infringe the '833 Patent by encouraging and instructing its customers to install leg assemblies on a frame." *Id.* ¶¶ 22, 32. Maybe Ascion could make a claim against Ashley Furniture based on post-suit knowledge, which it also alleges. Similarly meager allegations have survived a motion under Rule 12(b)(6). *See Niazi*, 2017 WL 108114, at *2.

So the court will deny Ashley Furniture's motion. Ascion can conduct discovery to find factual support for its claims for willfulness and inducement of infringement. But Ascion should beware: if it presses these claims after its clear that there is no support for them, Ashley Furniture will be able to request cost-shifting. *See Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (28 U.S.C. § 1927 imposes a continuing duty upon attorneys to dismiss claims that are no longer viable).

One final point. Ascion says in a footnote to its response brief that it "intends to bring claims under 35 U.S.C. § 271(c)" which pertains to contributory infringement. Dkt. 15, at 2 n.1. The complaint does not allege contributory infringement even under the generous approach that this court takes. This court does not require element-by-element factual pleading

of patent infringement, but Federal Rule of Civil Procedure 8 requires a plaintiff to give clear notice of the claims that are asserted. If Ascion intends to assert contributory infringement, it will have to do so in an amended complaint.

ORDER

IT IS ORDERED that defendant Ashley Furniture Industries, Inc.'s motion to dismiss, Dkt. 13, is DENIED.

Entered March 2, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge